UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/25/2020
```

United States of America

v.

Jeffrey Molitor

*Defendants.*

**1:20-cr-00429 (MKV)**

**Protective Order**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Sensitive disclosure

material may also include certain personal identifying information relating to minor victims of the charged offenses, the disclosure of which would place the victims of the charged offenses in significant danger, and which cannot feasibly be redacted.  The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

3. Sensitive disclosure material will be marked "CONFIDENTIAL" or otherwise designated as sensitive disclosure material.  Sensitive disclosure material may be disclosed only as follows:

(a) Sensitive disclosure material will be treated on an "attorney's eyes only" basis, and defense counsel shall not share the sensitive disclosure material or the contents of the sensitive

2

Case 1:20-cr-00429-MKV   Document 19   Filed 08/25/20   Page 3 of 5

disclosure material with any other persons, including the defendant, except for any paralegal or staff employed by defense counsel in connection with work related to the defense of the defendant.

(b) At any time, defense counsel may seek leave from the Government to share materials designated as sensitive disclosure material with the defendant ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with the defendant; (ii) provide Defense Counsel with a redacted version of the Requested Material that may be shared with the defendant; or (iii) provide Defense Counsel with an explanation as to why the Requested Material cannot be shared with the defendant at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige defense counsel requests to share Requested Material.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for

3

direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant, except to the extent necessary to prevent the dissemination of child pornography contained on that ESI.

4

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____                    Date:   April 2, 2020

Kevin Mead
Assistant United States Attorney

_____                         Date:   April 2, 2020

Sarah M. Sacks
Counsel for Jeffrey Molitor

SO ORDERED:

Dated: August 25, 2020
       New York, New York

_____
HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

5