**EPSTEIN SACKS PLLC**
ATTORNEYS AT LAW
100 LAFAYETTE STREET
SUITE 502
NEW YORK, N.Y. 10013
(212) 684-1230

BENNETT M. EPSTEIN: (917) 653-7116
SARAH M. SACKS: (917) 566-6196

December 9, 2020

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Filed by ECF

**Granted. SO ORDERED.**

Date: 12/10/2020
New York, New York

*signature*
Mary Kay Vyskocil
United States District Judge

<u>United States v. Jeffrey Molitor</u>
20 Cr. 429 (MKV)

Dear Judge Vyskocil:

 We represent the defendant Jeffrey Molitor pursuant to the Criminal Justice Act. We write to ask the Court for a temporary modification in Mr. Molitor's bail conditions as set forth in this letter so that he can have two MRIs, currently scheduled for this coming Monday, December 14, 2020.

 As part of his bail conditions, Mr. Molitor wears an ankle bracelet so that he can be monitored by pretrial services. In recent weeks, Mr. Molitor has been in a great deal of pain from what he believes is a pinched nerve in his back. He is also experiencing loss of mobility and numbness in his right arm and hand. His doctor has referred him to get an MRI of both his brain and cervical spine so that she can diagnose and treat what is causing these issues. Because of the technology used for the MRIs, Mr. Molitor was told that he will need to remove his ankle bracelet for these tests.

 I have been in contact with Mr. Molitor's pretrial services officer and he suggests that Mr. Molitor can come to his office on Monday morning to have the bracelet removed before his MRI

appointment, then return to the pretrial services office after the appointment to have the bracelet reinstalled.  I have also conferred with the Government and they have no objection to this request.

                                            Respectfully submitted,

                                            *Sarah M. Sacks*